IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMARTH DUBOSE, | : CIVIL ACTION |
| Petitioner, | : |
| v. | : |
| | : No. 15-3843 |
| JAMEY LUTHER, et al. | : |
| Respondents. | |

## ORDER

**AND NOW**, this 25th day of July 2016, upon careful consideration of Mr. Dubose's Petition for Writ of Habeas Corpus (ECF Doc. No. 1), Judge Rice's June 22, 2016 Report and Recommendation (ECF Doc. No. 19), and finding Mr. Dubone's challenges to Judge Rice's Report and Recommendation lack merit, it is **ORDERED:**

1. Judge Rice's June 22, 2016 Report and Recommendation (ECF Doc. No. 19) is **APPROVED AND ADOPTED** correcting only a typographical error in the pin-page cite to *Renico v. Lett*, 559 U.S. 766, 773 (2010)[1];

---

[1] On May 8, 2009, a jury found Dubose not guilty of attempted murder, but guilty of two counts of aggravated assault and one count of criminal conspiracy, possession of an unlicensed firearm, possession of instrument of a crime, and possession of a controlled substance. The trial court sentenced Dubose to an aggregate term of 15-30 years of imprisonment. In September 2010, the Pennsylvania Superior Court affirmed Dubose's judgment of sentence and in March 2011, the Pennsylvania Supreme Court denied review. In August 2011, Dubose filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. § 9524 et seq. ("PCRA"). After appointing counsel and considering an amended petition, the PCRA court dismissed the petition. The Superior Court affirmed in August 2014, and the Supreme Court denied review in March 2015.

Dubose argues his sentences for attempted murder and aggravated assault violated the Fifth Amendment's double jeopardy clause. Judge Rice correctly recommends this claim is procedurally defaulted because Dubose failed to adequately raise it before the Pennsylvania state courts in his direct appeal and in the PCRA proceedings. *See Edwards*

2. Mr. Dubose's Petition for Writ of Habeas Corpus (ECF Doc. No. 1) is **DISMISSED**;

3. There is no probable cause to issue a certificate of appealability; and

4. The Clerk of Court shall mark this case **closed**.

_____
KEARNEY, J.

---

*v. Carpenter*, 529 U.S. 446, 452-53 (2000); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1315, 1318-19 (2012). Judge Rice also correctly found this claim lacks merit because a jury did not find Dubose guilty of both attempted murder and aggravated assault, but instead acquitted Dubose of attempted murder, and convicted him for criminal conspiracy to convict murder and aggravated assault.

Dubose argues he had ineffective trial counsel because they failed to preserve his request for an instruction under *Commonwealth v. Kloiber*, 106 A.2d 820, 826-27 (Pa. 1954). When the state court has denied an ineffectiveness claim on its merits, a habeas petitioner must show the state court made the decision in an "objectively unreasonable" way. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Review of ineffectiveness claim is "doubly deferential when it is conducted through the lens of federal habeas." *See Yarborough v. Gentry,* 540 U.S. 1, 6 (2003). With the exception of one typographical error in a pin-cite citing *Renico v. Lett*, 559 U.S. 766, 733 [*sic*] (2010), Magistrate Judge Rice correctly relies on the governing law in dismissing this claim.

Dubose argues he had ineffective trial counsel who withdrew a previously filed motion to suppress identification and/or where she failed to pursue a motion to suppress identification under circumstances where the identification was unduly suggestive due to prosecutorial misconduct. Judge Rice correctly relies upon the governing law examining the totality of the circumstances mandating we deny this claim as lacking merit. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).